MISSOURI PACIFIC RAILROAD COMPANY *v.* GILSINGER.

Opinion delivered March 2, 1931.

*Thos. B. Pryor* and *Thos. B. Pryor, Jr.* for appellant. *A. N. Hill,* for appellee.

McHANEY, J. On September 29, 1928, appellee shipped over appellant's railroad from Charleston, Arkansas, to Kansas City, Missouri, two cars of cattle. The shipment left Charleston about 4 P. M. of that date, which was on Saturday, and arrived in Kansas City in the afternoon of Monday, October 1, too late to be sold on Monday's market. They were sold on Tuesday, October 2, and in the meantime cattle had declined in price. Appellee brought this suit against appellant to recover damages for negligent delay in transportation, and alleged that the cattle should have been transported to the Kansas City stock yards in time for sale on Monday's market. He alleged damages in the sum of $172.90, and a trial resulted in a verdict and judgment in his favor for $70.50.

The first assignment of error is that the court refused to direct a verdict for appellant. We agree with appellant in this contention, and it therefore becomes unnecessary to discuss other questions. The only question at issue in the case was that of delay in the delivery of the cattle, and the burden was upon appellee to establish an unreasonable delay by a preponderance of the evidence. We think the appellee failed to prove any unreasonable delay. He testified himself that the cattle arrived in Kansas City at 3:48 Monday afternoon. The schedule clerk for appellant testified that the two cars arrived at destination at 2:30 P. M. on Monday, October 1; that these two cars made schedule time, and in fact arrived at destination a little ahead of time. Proof shows that it was necessary for the cattle to be unloaded en route for feed and rest as appellee had not signed a thirty-six hour release. The proof shows that the cars arrived in Van Buren about eight o'clock Saturday night; that they left Van Buren about 2:00 A. M. September 30 and arrived at Coffeyville, Kansas, at 2:30 P. M. the same day where they were fed, watered, rested, reloaded and arrived in Kansas City, as above stated. The undisputed proof shows that appellant had a regular scheduled train, No. 168, due to leave Van Buren 10:15 P. M., arrive at

Coffeyville 10:15 A. M. the next morning, and due at the Kansas City stock yards at about 8 A. M. Monday morning. It will be seen however that, had the cars of cattle in question moved on train No. 168, scheduled as above, they would still have been required to unload at some intermediate point, either at Coffeyville or Ossawatomie, as under the Federal law (45 U. S. C. A., § 71) cattle are not permitted to remain in cars in transit for a greater period than twenty-eight hours unless a waiver is signed. Therefore if the cattle had moved on an earlier train out of Van Buren, they could not have reached the stock yards in time for Monday's market unless a special train had been run, which was not done. The undisputed proof shows that the cattle moved out of Coffeyville on the first available train after being unloaded, fed, watered and rested, as required by law, and that there was no delay in reaching Kansas City.

There is therefore no substantial evidence to support the verdict. The judgment will be reversed, and the cause dismissed.

HUMPHREYS, J., dissents.